**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chase Whitehead, | No. CV-22-01978-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Amica Mutual Insurance Company, | |
| Defendant. | |

This case concerns Plaintiff's class action efforts[1] to enforce the Uninsured and Underinsured Motorist Coverage policies (the "Policies") issued to him by Defendant. (Doc. 1-3 at 6). After removing this action to federal court, Defendant filed a Motion to Stay (Doc. 7) pending a decision from the Arizona Supreme Court[2] on two certified questions that are related to Plaintiff's breach of insurance contract and bad faith claims under A.R.S. § 20-259.01. (Doc. 7 at 6, 24). *See Franklin v. CSAA General Insurance Company*, No. 2:22-cv-00540-JJT (D. Ariz. Nov. 2, 2022), at Doc. 47. This Court has already issued a stay in *Creasman v. Farmers Casualty Insurance Company*, a case with a similar fact pattern. No. 2:22-cv-01820-DJH (D. Ariz. Dec. 23, 2022), at Doc. 27. Thus, the Court incorporates its findings in *Creasman* and grants Defendant's Motion.

---

[1] Plaintiff filed a Class Action Complaint in Arizona Superior Court claiming Defendant breached its insurance contract and acted in bad faith when it failed to "stack" Plaintiff's benefits under the Policies. (Doc. 1-3 at 5–25); *see also Chase Whitehead v. Amica Mutual Insurance Company*, No. CV2022-013851 (Ariz. Super. Ct. Oct. 18, 2022). The action was subsequently removed to this Court. (Doc. 1).

[2] *See Franklin v. CSAA General Insurance Company*, CV-22-0266-CQ (Ariz.).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 428, 254 (1936). Courts must weigh the following "competing interests" to determine whether to issue a *Landis* stay: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "If there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay" faces a heightened burden and "must make out a clear case of hardship or inequity." *Percy v. United States*, 2016 WL 7187129, *2 (D. Ariz. 2016) (quoting *Lockyer*, 398 F.3d 1109). It is proper to stay proceedings in a case "pending the outcome of the 'lead' case even where the 'lead' case may not be potentially dispositive of the case sought to be stayed" and "even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *Equal Emp. Opportunity Comm'n v. Bashas', Inc.*, 2012 WL 13104758, at *1 (D. Ariz. Apr. 6, 2012) (recognizing concurrent litigation as a lead case that would "be extremely important to the legal issues before [the] Court").

As they do in *Creasman*, the three competing interests set forth in *Lockyer* weigh in favor of staying the present proceedings. First, Plaintiff's argument that a stay would cause substantial and irreparable harm to Defendant's insureds is moot. (Doc. 12 at 7). This concern was resolved when the parties withdrew Plaintiff's Motion for Preliminary Injunction (Doc. 17) by stipulation. (Doc. 15). Therein, Defendant agreed it "will not request or enter into a release with an insured on any claim against an Amica auto policy issued in Arizona with coverage for more than one vehicle for which [Defendant] has paid the per person limits for [underinsured or uninsured motorist] coverage." (*Id*. at 2). Second, absent a stay, the parties would potentially "undergo costly and [] unnecessary motion practice and discovery . . . pending the Arizona Supreme Court's resolution of issues

relevant to Plaintiff's foundational theory." (Doc. 7 at 6). This district has recognized such evidence of hardship in the class action setting and found it weighs in favor of a stay. *See Winters v. Loan Depot LLC*, 2020 WL 8254053, at *1–2 (D. Ariz. Oct. 29, 2020) (finding that "[d]enying the stay would subject Defendant to costs related to class certification briefing, completing expert discovery, briefing dispositive motions, and potentially preparing for trial, all while the [Arizona] Supreme Court considers an issue that could significantly narrow the case").

Finally, a stay would promote the orderly course of justice. Certain claims in Plaintiff's Class Action Complaint rely on the implications of A.R.S. § 20-259.01. Thus, it is in the interest of judicial economy to wait until the Arizona Supreme Court clarifies this area of the law as it would avoid the use of resources on discovery and potentially fruitless motions. *See Berrow v. Navient Sols. LLC*, 2020 WL 8267706, at *2–3 (D. Ariz. Dec. 17, 2020). Plaintiff argues that though it may be amenable to a stay after the Arizona Supreme Court accepts jurisdiction, there is "no reason to stay this case while the [court] considers whether to accept the certified questions." (Doc. 12 at 9). The Court disagrees. "[T]he same rationale for staying a case while waiting for the Arizona Supreme Court's ultimate decision on a certified question applies to the preliminary decision whether to accept the certified question." *Bode v. Travelers*, No. CV-22-01847-PHX-DWL (D. Ariz. Dec. 16, 2022), at Doc. 17 (citing *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 923 (9th Cir. 2009)).

Moreover, the Court considers *Franklin* to be a "lead" case for numerous cases in the District of Arizona that raise similar issues under A.R.S. § 20-259.01. *See Equal Emp. Opportunity Comm'n*, 2012 WL 13104758, at *1. As noted in Plaintiff's Notices of Supplemental Authority, many of these cases have been stayed pending the resolution of the certification request in *Franklin*.[3] (Docs. 14; 19). Thus, the Court will stay proceedings

---

[3] *See Muehlhausen, et al. v. Allstate Fire & Cas. Ins. Co.*, No. 2:22-cv-01747-PHX-JAT (D. Ariz.); *see also Bode v. Travelers Prop. Casualty Ins. Co.*, No. 2:22-CV-01847-PHX-DWL (D. Ariz.). The Court notes the following cases in this district have also been stayed: *Franklin v. CSAA Gen. Ins. Co.*, No. CV-22-00540-PHX-JJT (D. Ariz.); *see also Doyle v. Pekin Ins. Co.*, No. CV-22-00638-PHX-JJT (D. Ariz.) *see also Miller v. Trumbull Ins. Co.*, No. CV-22-01545-PHX-JJT (D. Ariz.); *see also Dale v. Travelers Prop. Cas. Ins. Co.*, No.

in the present matter because it relates to the certified questions and resolution of these questions could similarly narrow the issues raised in Plaintiff's Class Action Complaint.

Accordingly,

**IT IS ORDERED** that Defendant's Expedited Motion to Stay Proceedings (Doc. 7) is **GRANTED**. This matter is stayed as it relates to the Arizona Supreme Court's ultimate disposition on the district court's request to accept and decide the certified questions proposed in *Franklin v. CSAA General Insurance Company*, No. 2:22-cv-00540-JJT (D. Ariz. Nov. 2, 2022).

**IT IS FURTHER ORDERED** the parties must file a joint notice of decision within **five (5) days** of the Arizona Supreme Court's decision regarding jurisdiction over the certified questions.

Dated this 28th day of December, 2022.

Honorable Diane J. Humetewa
United States District Judge

---

2:22-CV-1659-PHX-JZB (D. Ariz.).

- 4 -