Robert B. Carey (SBN 011186)
John DeStefano (SBN 025440)
Tory Beardsley (SBN 031926)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ  85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       johnd@hbsslaw.com
       toryb@hbsslaw.com

Brett L. Slavicek (SBN 019306)
James Fucetola (SBN 029332)
Justin Henry (SBN 027711)
THE SLAVICEK LAW FIRM
5500 North 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4435
Facsimile: (602) 287-9184
Email: brett@slaviceklaw.com
       james@slaviceklaw.com
       justin@slaviceklaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Chase Whitehead,<br><br>                       Plaintiff,<br><br>v.<br><br>Amica Mutual Insurance Company,<br><br>                       Defendant. | Case No. 2:22-cv-01978-PHX-DJH<br><br>**PLAINTIFF'S UNOPPOSED SUPPLEMENTAL MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**<br><br>(Assigned to Hon. Diane J. Humetewa) |

TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.   ARGUMENT ................................................................................................................... 1

    A.   The Settlement Class meets the requirements of Rule 23(a)(1). ........................... 1

        1.   The Class Members are geographically diverse. ............................... 2

        2.   Individual Class Members are unable, and unlikely, to file individual lawsuits. ...................................................................... 3

        3.   The Court should err in favor of certification. ................................... 4

    B.   A class action is the superior in this case. .......................................................... 5

        1.   The Class Members have not shown an interest in controlling the litigation. .................................................................. 6

        2.   There is no other pending litigation. ................................................... 8

        3.   Concentrating the litigation in this forum is preferable. .................... 9

III.   CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

*Aguayo v. Oldenkamp Trucking*,
   No. CV F 04-6279 ASI LJO, 2005 WL 2436477 (E.D. Cal. Oct. 3, 2005) .................................................................................................................. 3

*Andreas-Moses v. Hartford Fire Ins. Co.*,
   326 F.R.D. 309 (M.D. Fla. 2018) ................................................................................ 8

*Barone v. Safway Steel Prods., Inc.*,
   No. CV-03-4258(FB), 2005 WL 2009882 (E.D.N.Y. Aug. 23, 2005) ......................... 4

*Bd. of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
   269 F.R.D. 340 (S.D.N.Y. 2010) ................................................................................ 8

*Beasley v. Blatt*,
   No. 93 C 4978, 1994 WL 362185 (N.D. Ill. July 11, 1994) .................................... 2, 4

*Beaulieu v. EQ Indus. Servs., Inc.*,
   No. 5:06-CV-00400BR, 2009 WL 2208131 (E.D.N.C. July 22, 2009) ..................... 11

*Bee, Denning, Inc. v. Cap. All. Grp.*,
   310 F.R.D. 614 (S.D. Cal. 2015) ................................................................................ 8

*Brink v. First Credit Res.*,
   185 F.R.D. 567 (D. Ariz. 1999) .................................................................................. 3

*Caroline C. By & Through Carter v. Johnson*,
   174 F.R.D. 452 (D. Neb. 1996) .............................................................................. 9, 10

*Cortez v. Nebraska Beef, Inc.*,
   266 F.R.D. 275 (D. Neb. 2010) .................................................................................. 5

*Disability L. Ctr. v. Utah*,
   No. 2:15-CV-00645-RJS, 2016 WL 5396681 (D. Utah Sept. 27, 2016) .................... 3

*Est. of Gardner v. Cont'l Cas. Co.*,
   316 F.R.D. 57 (D. Conn. 2016) .................................................................................. 8

*Franklin v. CSAA Gen. Ins. Co.*,
   No. CV-22-00540-PHX-JJT, 2022 WL 16631090 (D. Ariz. Nov. 2, 2022) ........................................................................................................................ 3, 10

*Fullmer v. A-1 Collection Agency, LLC*,
   No. 4:20-CV-00143-DN-PK, 2023 WL 4374007 (D. Utah July 6, 2023) .................. 9

*Koorndyk v. Midway Motor Sales, Inc.*,
   No. 1:04-CV-333, 2005 WL 8172493 (W.D. Mich. Mar. 29, 2005) .......................... 5

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*,
   268 F.R.D. 670 (W.D. Wash. 2010) ........................................................................... 2

*Nat'l Ass'n of Radiation Survivors v. Walters*,
    111 F.R.D. 595 (N.D. Cal. 1986) .................................................................................. 1

*Peters v. Cars To Go, Inc.*,
    184 F.R.D. 270 (W.D. Mich. 1998) ................................................................................ 4

*Pole v. Estenson Logistics, LLC*,
    No. CV 15-07196 DDP (EX), 2016 WL 4238635 (C.D. Cal. Aug. 10,
    2016) ............................................................................................................................. 2

*Robles v. Corp. Receivables, Inc.*,
    220 F.R.D. 306 (N.D. Ill. 2004) ..................................................................................... 4

*Whitaker v. Bennett L., PLLC*,
    No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) ...................... 1

*Winkler v. DTE, Inc.*,
    205 F.R.D. 235 (D. Ariz. 2001) ............................................................................. 9, 10

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ................................................................................... 6, 7

**Statutes**

A.R.S. § 20-259.01 ............................................................................................................ 3

**Other Authorities**

Ariz. Admin. Code § 20-6-801 .......................................................................................... 4

Fed. R. Civ. P. 16 ............................................................................................................. 10

Fed. R. Civ. P. 23 .............................................................................................. 1, 2, 5, 6

## I. INTRODUCTION

Plaintiff Chase Whitehead previously filed a Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class, in part to certify the Settlement Class (the "Motion"). Dkt. 36. The Court denied the Motion without prejudice, finding that Plaintiff had failed to satisfy Rule 23(a)(1)'s numerosity requirement and failed to meet his burden of establishing predominance under Rule 23(b)(3). Dkt. 39. Plaintiff files this Supplemental Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class to address numerosity and predominance. Plaintiff incorporates by reference all arguments made in the Motion. Dkt. 36.

## II. ARGUMENT

Plaintiff can show that this Settlement Class is both sufficiently numerous and meets the predominance requirements of Rule 23.

### A. The Settlement Class meets the requirements of Rule 23(a)(1).

"Rule 23(a)(1) is an impracticability-of-joinder rule, not a strict numerosity rule. It is based on considerations of due process, judicial economy, and the ability of claimants to institute suits." 1 Newberg and Rubenstein on Class Actions § 3:11 (6th ed.). "The term 'impracticable' is not synonymous with impossible." *Whitaker v. Bennett L., PLLC*, No. 13-CV-3145-L NLS, 2014 WL 5454398, at *4 (S.D. Cal. Oct. 27, 2014). This case meets the numerosity requirement because joinder, or individual suits, is impracticable. "[I]n determining whether joinder is impracticable in a particular case, the court should consider not only the class size but other factors as well, including the geographical diversity of class members, the ability of individual members to institute separate suits, and the nature of the underlying action and the relief sought." *Nat'l Ass'n of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986). Here, the proposed Settlement Class meets the numerosity requirement because the Class Members are geographically diverse, are unable or unlikely to institute separate suits, and the Court should err in favor certifying the Settlement Class to promote judicial economy and due

process.[1] This is particularly true here because the Class Members are unaware of the existence of their claims, and, even if they were aware, because the claims involve legal rights not readily identifiable by individual insureds, class treatment is not only the most efficient mechanism but the only realistic way to ensure disclosure of rights and contract expectancy.

### 1. The Class Members are geographically diverse.

The geographic diversity of the Class Members weighs in favor of finding joinder impracticable. The Class Members are spread across thirteen cities and five counties in Arizona—Maricopa, Pinal, Yavapai, Coconino, and Pima—and one Class Member is in Washington.[2] Courts across the country have found geographical diversity in similar situations, weighing against joinder. In considering whether "a seventeen-member class would meet the numerosity requirement," the Central District of California found geographic diversity where class members were located across California in nine different cities. *Pole v. Estenson Logistics, LLC*, No. CV 15-07196 DDP (EX), 2016 WL 4238635, at *5 (C.D. Cal. Aug. 10, 2016). Where "three of the twenty-seven known class members live out of [the] district" the Western District of Washington found "that having three of the twenty-seven potential plaintiffs so widely dispersed, as far away as Alabama, favors class certification." *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 675 (W.D. Wash. 2010). And the Northern District of Illinois certified a twenty-five-member class where most of the class members lived in different cities, and a few resided out of state. *Beasley v. Blatt*, No. 93 C 4978, 1994 WL 362185, at *2 (N.D. Ill. July 11, 1994). This District has similarly found that a

---

[1] As Plaintiff does not seek to certify a Rule 23(b)(2) class, injunctive or declaratory relief has no bearing on numerosity.

[2] Declaration of Robert Carey ("Carey Decl.") ¶ 4. Amica provided the city and state each Class Member resides in. *Id.* ¶ 3. Class Members reside in the following Arizona cities: Phoenix, Coolidge, Sun Lakes, Queen Creek, Wickenburg, Glendale, Chandler, Congress, Gilbert, Florence, Buckeye, Williams, and Tucson. *Id.* One Class Member resides in Pasco, Washington. *Id.*

class "with addresses in Arizona is sufficiently large to render joinder impracticable, ***particularly because class members are located throughout the state***." *Brink v. First Credit Res.*, 185 F.R.D. 567, 570 (D. Ariz. 1999) (emphasis added); *see also Disability L. Ctr. v. Utah*, No. 2:15-CV-00645-RJS, 2016 WL 5396681, at *4 (D. Utah Sept. 27, 2016) (finding geographic diversity for small class "dispersed throughout Utah"); *Aguayo v. Oldenkamp Trucking*, No. CV F 04-6279 ASI LJO, 2005 WL 2436477, at *12 (E.D. Cal. Oct. 3, 2005) ("Joinder of the [34 class members], may be possible, but it is most likely impracticable" where they are spread across the state). With Class Members spread across the state and one in Washington, joinder is impracticable. This factor weighs in favor of finding numerosity here.

### 2. Individual Class Members are unable, and unlikely, to file individual lawsuits.

The second factor courts look at—whether class members are able to file individual suits—also weighs in favor of certification. Here, the Class Members are likely unaware of their claims or incapable of fully understanding the complex claim they possess, which demonstrates they are unable, and therefore unlikely, to file individual claims. Each of the Class Members already made a claim to Amica for their uninsured/underinsured motorist ("UM/UIM") claim and were paid what they were told was the maximum amount under the policy.[3] Many were likely represented by counsel as well, so they would have no reason to suspect that their lawyer did not recover the full policy limits. Class Members would not be aware of the Arizona Supreme Court's decision in *Franklin v. CSAA*, which is the main legal support for Plaintiff's claim that Amica was improperly paying UM/UIM stacking claims under A.R.S. § 20-259.01. And

---

[3] Carey Decl. ¶ 5. Class Counsel has brought multiple cases against different insurance companies, alleging the claims here. *Id.* ¶ 6; *infra* n.8. Three of those cases have certified a settlement class and sent notice to the class members. Carey Decl. ¶ 7. While Class Counsel have not spoken to any of the Class Members in this case, they have spoken to dozens of class members in those cases. *Id.* ¶ 8. None of those class members were aware of their claims, many being previously represented by other attorneys. *Id.* ¶ 9.

virtually no Class Member would apprehend the alleged violation or concomitant statutory failure to accurately disclose the available benefits. *See* Ariz. Admin. Code § 20-6-801 ("No insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented.").

Courts routinely find that individual suits are unlikely where the class members are unaware of their rights and certify smaller classes.[4] In *Beasley*, the court certified a class of twenty-five where "many consumers may be unaware of their rights under the statute and, thus, less likely to bring their own claims" and "it seems impractical to litigate the form letter's legality more than once." *Beasley*, 1994 WL 362185, at *2. That same court similarly certified a class of 102 where "the class comprises a number of individuals who are likely to be unaware of their rights." *Robles v. Corp. Receivables, Inc.*, 220 F.R.D. 306, 315 (N.D. Ill. 2004). Other courts are in accord. *See Barone v. Safway Steel Prods., Inc.*, No. CV-03-4258(FB), 2005 WL 2009882, at *3 (E.D.N.Y. Aug. 23, 2005) (certifying class of fifty where many may be "unaware of their statutory rights"); *Peters v. Cars To Go, Inc.*, 184 F.R.D. 270, 280 (W.D. Mich. 1998) (finding where "members of the proposed class are likely unaware of their rights . . . the class members will probably not file suit to protect their rights"). Here numerosity should be found because the Class Members are unaware of their rights, and it would be impractical to litigate the payment of stacked benefits under identical insurance policies.

### 3. The Court should err in favor of certification.

"When the impracticability of joinder is a close call, some courts err in favor of certification because a court always has the option to decertify the class if it is later found that the class does not in fact meet the numerosity requirement." 1 Newberg and Rubenstein on Class Actions § 3:12 (6th ed.). The Eleventh Circuit specifically has found

---

[4] Section II(B)(2) below addresses how the absence of pending litigation demonstrates superiority. It similarly weighs in favor of numerosity, as the lack of other litigation demonstrates that Class Members are unaware of their rights.

that "where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1)." Other courts have adopted this approach. *See Cortez v. Nebraska Beef, Inc.*, 266 F.R.D. 275, 289 (D. Neb. 2010) ("where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the court has the option to decertify pursuant to Rule 23(c)(1)"); *Koorndyk v. Midway Motor Sales, Inc.*, No. 1:04-CV-333, 2005 WL 8172493, at *6 (W.D. Mich. Mar. 29, 2005) (same).

Any approval of the Settlement Class in this case is only preliminary, not final. This Court may later decertify the Settlement Class and decide not to grant final approval if it turns out that joinder or individual litigation is likely. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). Because this is a Class where Amica has direct contact information for every Class Member, every Class Member will receive a copy of the Notice in the mail and be put on notice of their rights. Class Counsel will also be able to reach out to every Class Member to ensure they received the Notice and understand their rights. Class Members will then have the option to opt out or object to the Settlement. If all or virtually all Class Members stay in the Settlement Class, which is likely given the reaction of class members in similar cases,[5] that will provide the Court assurance that the Class Members do not want to proceed with individual litigation. It will also serve due process because every Class Member will be informed of their rights, including the existence of this claim. This weighs in favor of certification.

**B.    A class action is the superior in this case.**

"[T]the superiority determination involves, either explicitly or implicitly, a comparison of the class action—representative litigation—as a procedural mechanism to available alternatives. These alternatives include multiple individual actions, joinder of

---

[5] Class Counsel has sent notice to approximately 1,000 class members in three similar lawsuits. Carey Decl. ¶ 7. To date, no class member has objected or opted out. *Id.* ¶ 10.

claims, the use of test cases, and administrative proceedings, among others." 2 Newberg and Rubenstein on Class Actions § 4:64 (6th ed.). The Court specifically found that Plaintiffs did not adequately demonstrate that superiority was met here, focusing on three of the four factors enumerated in Rule 23(b)(3), specifically the Class Members' interest in controlling the litigation, the nature and extent of other litigation, and the desirability of concentrating the litigation in a particular forum. These factors partially overlap with the numerosity analysis—in particular the fact that the Class Members are unaware of their claims—and similarly demonstrate that superiority is met.

### 1. The Class Members have not shown an interest in controlling the litigation.

The first "prong of the superiority requirement directs courts to determine whether individuals really would want to control their own litigation in the given situation or whether that ideal is more fiction than reality." 2 Newberg and Rubenstein on Class Actions § 4:69 (6th ed.). As touched on in Section II(A)(2) above, Class Members cannot have an interest in controlling litigation they are unaware of. Newberg on Class Actions identifies two additional reasons "why individuals may have little interest in pursuing litigation themselves. First, their claims may be so closely related to the claims of others that litigation by others will achieve their ends without the need for their involvement. Second, their claims may be so small that it would be a waste of their time and/or resources to litigate individually." *Id.* All three factors demonstrate that Class Members have not shown an interest in controlling the litigation.

First, it is highly unlikely that the Class Members are aware of the existence of their claims. The superiority requirement, specifically, is designed "to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted). A class action is the most efficient and effective way of resolving the Class Member's claim when they are unaware of the existence of the claim.

Second, the claims of the Class Members are so closely related that it is unlikely Class Members would want direct involvement. Each of the Class Members submitted a UM/UIM claim with Amica, each was paid the maximum UM/UIM limits for one vehicle, and Plaintiff claims that each of them was entitled to stack their UM/UIM insurance coverage for all insured vehicles. The only difference between the Class Members' claims is the number of vehicles insured, the amount of coverage, and the amount of medicals and lost wages. But Plaintiff's damages methodology accounts for all those factors and splits the common fund based on each Class Member's insurance coverage, number of insured vehicles, and medicals and lost wages. Additionally, this is a case involving purely economic injury. Class members generally are found to want to control their own litigation in "personal injury cases as opposed to those involving purely economic damages." 2 Newberg and Rubenstein on Class Actions § 4:69 (6th ed.) (citing cases).

Third, the size of most of claims also do not justify individual litigation. While the damages vary among the Class Members, twelve of the Class Members have damages of less than $75,000.[6] Among those, nine are below $40,000, with one Class Member recovering only $2,300.[7] While these recoveries are larger than most class recoveries, it does not make individual litigation feasible or desirable for most of the Class Members. Likewise, if every Class Member were to litigate their claim individually, rather than sharing costs across the Class, they would incur individual costs associated with filing, hiring court reporters, and hiring experts to opine on bad faith, calculate damages, testify at deposition and at trial, and rebut Defendant's experts—costs that easily reach tens of thousands of dollars and exceed the value of their claims. The damages available to the majority of the Class Members are not significant enough to litigate against a large insurance company with more resources. *See Wolin v. Jaguar Land Rover N. Am., LLC*,

---

[6] Carey Decl. ¶ 11.
[7] Carey Decl. ¶ 12.

7
SUPPL. MOTION FOR PRELIMINARY APPROVAL

617 F.3d 1168, 1175 (9th Cir. 2010) ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification."); *Est. of Gardner v. Cont'l Cas. Co.*, 316 F.R.D. 57, 76–77 (D. Conn. 2016) (finding superiority where damages were not small, but not significant enough relative to the cost of litigation); *see also Bee, Denning, Inc. v. Cap. All. Grp.*, 310 F.R.D. 614, 629 (S.D. Cal. 2015) ("This disparity between litigation costs and prospective recovery provides the most compelling rationale for finding superiority in a class action."). It is unlikely most of the Class Members would want to be subjected to the rigors of individual litigation, including participating in extensive discovery and motion practice, a possible trial, and likely delayed recovery. And while a few of the Class Members's have claims that could justify individual litigation, that does not mean that the class action mechanism is unwarranted or that predominance is not met. Even for larger claims, predominance is met to avoid inconsistent outcomes and for judicial efficiency. 2 Newberg and Rubenstein on Class Actions § 4:67 (6th ed.) (citing cases); *see also Andreas-Moses v. Hartford Fire Ins. Co.*, 326 F.R.D. 309, 319–20 (M.D. Fla. 2018) (even where individual incentive of larger claim exists, multiple litigations on the same topic is inefficient); *Bd. of Trustees of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 269 F.R.D. 340, 355 (S.D.N.Y. 2010) ("[T]he existence of large individual claims that are sufficient for individual suits is no bar to a class when the advantages of unitary adjudication exist to determine the defendant's liability."). Here it would be inefficient for the courts to adjudicate twenty-two separate litigations over the same insurance policy and UM/UIM stacking practices.

### 2. There is no other pending litigation.

The Court presumed that there were no other lawsuits concerning this same subject matter. Class Counsel can confirm that they are not aware of any such litigation and Amica has not identified any other pending litigation against it related to how it stacked UM/UIM insurance in Arizona. "Thus, this subfactor weighs in favor of class certification because there appears to be no risk of multiple adjudications and no

indication that absent class members would prefer individual actions." *Winkler v. DTE, Inc.*, 205 F.R.D. 235, 245 (D. Ariz. 2001). Courts in other districts have similarly found predominance where there are no other lawsuits pending, finding that the lack of other suits indicates that the class members are unwilling to pursue a claim or unaware of the claim. *See Fullmer v. A-1 Collection Agency, LLC*, No. 4:20-CV-00143-DN-PK, 2023 WL 4374007, at *10 (D. Utah July 6, 2023) ("No other litigation concerning Defendants' collection practices in Utah has been identified by the parties. This suggests that the proposed class members may be unaware of their rights and Defendants' alleged conduct in the state debt collection lawsuits, or that they are unable or unwilling to pursue relief individually."); *Caroline C. By & Through Carter v. Johnson*, 174 F.R.D. 452, 463 (D. Neb. 1996) ("Potential lack of knowledge and sophistication of the class members place them in a poor position to seek legal redress individually."). The fact that no other Class Member has brought a case indicates that Class Members are either unaware or unwilling to file a separate action.

### 3. Concentrating the litigation in this forum is preferable.

The desirability of concentrating the litigation in a particular forum embodies two independent concerns: (1) aggregating the claims in one forum; and (2) whether a particular forum is appropriate. 2 Newberg and Rubenstein on Class Actions § 4:71 (6th ed.) (citing Fed. R. Civ. P. 23 Advisory Committee Notes). "The first issue focuses on whether consolidation of individual actions into a class action is profitable; the second adds an element of venue by asking not only whether consolidation is preferable to individual actions but also whether consolidation makes sense in that district." *Id.* Plaintiff has shown that the first element is met because the Class Members are not aware of their rights, none have brought a separate case, and most of their claims are not large enough to justify twenty-two individual lawsuits. As such, Plaintiff will focus on the second prong.

"Courts have found that class actions in a particular forum are particularly appropriate when that court has already made several preliminary rulings, when a

particular forum is more geographically convenient for the parties, when other similar actions have been consolidated before the court, or, for example, when the defendant is located in the forum state." *Id.* (citing cases). The majority of these factors weigh in favor of finding this forum preferable. Here, the Court has made several preliminary rulings. It granted a motion to stay pending decision in the *Franklin* matter (Dkt. 20), lifted the stay (Dkt. 23), set a Rule 16 scheduling conference (Dkt. 25), and continued the Rule 16 scheduling conference pending the parties' mediation (Dkt. 28). This forum is also geographically convenient for the parties. Chase Whitehead is a resident of Phoenix, Arizona. And while Amica's headquarters are not located in Arizona, it is licensed to sell insurance in Arizona, all of the policies at issue were sold in Arizona, and Arizona law applies to Plaintiff's claims. *See Winkler v. DTE, Inc.*, 205 F.R.D. 235, 245 (D. Ariz. 2001) (finding District of Arizona the desirable forum when the cars were all purchased in Scottsdale, Arizona, the witnesses and evidence is in Arizona, and "Arizona law applies to the state law claims asserted by the Plaintiffs"). Last, there are at least ten cases pending before the District of Arizona, related to these same issues but brought against different insurance companies.[8] Two of these actions are pending before this Court, with the remainder pending before other judges in the District, and several of the cases have

---

[8] The following cases are pending in the District of Arizona: *Dale v. Travelers Prop. Cas. Ins. Co.*, Case No. CV-22-1659-PHX-SPL (D. Ariz) (consolidated with *Bode v. Travelers Prop. Cas. Ins. Co.*); *Franklin v. CSAA Gen. Ins. Co.*, No. CV-22-00540-PHX-JJT, 2022 WL 16631090, at *2–3 (D. Ariz. Nov. 2, 2022); *Doyle v. Pekin Ins. Co.*, Case No. CV-22-00638-PHX-JJT (D. Ariz.); *Moshier v. Safeco Ins. Co. of Am.*, Case No. CV-23-00225-PHX-DLR (D. Ariz.) (consolidated with *Haenfler v. Safeco Ins. Co. of Am.*); *Caballero v. Economy Preferred Insurance Co.*, Case No. CV-22-02023-PHX-MTL (D. Ariz.) (consolidated with *Luna v. Farmers Grp. Prop. and Cas. Ins. Co.*, *Creasman v. Farmers Cas. Ins. Co.*, and *Wilhelm v. Economy Premier Ins. Co.*); *Dorazio v. Allstate Fire and Cas. Ins. Co.*, Case No. CV-23-00017-PHX-JJT (D. Ariz.); *Lopez v. Liberty Mutual Personal Insurance Co.*, Case No. CV-23-00629-PHX-DLR (D. Ariz.); *Miller v. Trumbull Insurance Company*, Case No. CV-22-010505-PHX-JJT (D. Ariz.); *Hacker v. Am. Family Ins. Co.*, Case No. CV-22-01926-PHX-DLR (D. Ariz.); *Loughran v. MIC Gen. Ins. Corp.*, Case No. CV-23-00108-PHX-DJH (D. Ariz.); and *Nutt v. Nationwide Ins. Co. of Am.*, Case No. CV-24-0228-PHX-ROS.

been certified as a settlement class.[9] *See Beaulieu v. EQ Indus. Servs., Inc.*, No. 5:06-CV-00400BR, 2009 WL 2208131, at *23 (E.D.N.C. July 22, 2009) (finding predominance where "all pending litigation arising from the [incident] is apparently before this court, consisting of the instant consolidated case and the one other case"). This forum is preferable.

### III.   CONCLUSION

For these reasons, Plaintiff has shown that it meets the numerosity and superiority requirements. Plaintiff again respectfully requests that the Court preliminarily approve the Settlement with Amica, certify the Settlement Class, appoint Plaintiff Whitehead as Settlement Class Representative, appoint Robert Carey of Hagens Berman as Class Counsel, and direct notice in the form and manner proposed in his Motion.

---

[9] The Court has certified settlement classes in the following cases: *Dale v. Travelers Prop. Cas. Ins. Co.*, Case No. CV-22-1659-PHX-SPL (D. Ariz); *Caballero v. Economy Preferred Insurance Co.*, Case No. CV-22-02023-PHX-MTL (D. Ariz.); *Miller v. Trumbull Insurance Company*, Case No. CV-22-010505-PHX-JJT (D. Ariz.); and *Doyle v. Pekin Ins. Co.*, Case No. CV-22-00638-PHX-JJT (D. Ariz.).

11
SUPPL. MOTION FOR PRELIMINARY APPROVAL

| | | |
|---|---|---|
| 1 | Dated: April 25, 2025 | Respectfully submitted by, |

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Robert B. Carey*
    Robert B. Carey
    John M. DeStefano
    Michella Kras

THE SLAVICEK LAW FIRM
    Brett L. Slavicek
    James Fucetola
    Justin Henry

*Attorneys for Plaintiff*