**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chase Whitehead, | No. CV-22-01978-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Amica Mutual Insurance Company, | |
| Defendant. | |

Before the Court is Plaintiff Chase Whitehead's ("Plaintiff") Unopposed Supplemental Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class. (Doc. 40). For the reasons stated below, the Court will grant the Motion.

**I.    Background**

Previously on March 20, 2025, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification was denied. (Doc. 39). The Court found that Plaintiff failed to both satisfy Rule 23(a)(1)'s numerosity requirement and establish superiority under Rule 23(b)(3). (*Id.*) Because the Court already gave a background of how the case originated and the layout of insurance stacking cases in Arizona, the Court will not do so again here. (*See* Doc. 39 at 1–2). The Court's reasoning for allowing the preliminary certification to go forward is enunciated below.

**II.   Legal Standard**

Under Federal Rule of Civil Procedure 23(a), one or more members of a class may

sue or be sued as representative parties on behalf of all members only if all four of the following prerequisites are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). On top of satisfying the four prerequisites above, at least one of the following must be true: (1) Risk of inconsistency: the prosecution of separate actions by individual class members would create a risk of inconsistent adjudications or adjudications that would be dispositive of non-party class member interests; (2) Appropriate Class-Wide Injunctive Relief: injunctive or declaratory relief is appropriate respecting the class as a whole because the conduct of the opposing party applies generally to the class; or (3) Predominance and Superiority: questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).[1] When there is an underlying settlement in a class action, that settlement needs the approval of the district court. Fed. R. Civ. P. 23 (e). At the preliminary approval stage, the Court only needs to evaluate whether the proposed settlement (1) appears to be the product of serious, informed, non-collusive negotiations, (2) has no obvious deficiency, (3) does not improperly grant preferential treatment to class representatives or segments of the class, and (4) falls within the range of possible approval. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008).

**III. Discussion**

    **A. Class Certification**

In the Court's previous Order, the Court found that Plaintiff had satisfied all the initial prerequisites under Rule 23(a), except 23(a)(1): numerosity. (Doc. 39 at 6). Because that was the only prerequisite the Court found deficient, that is the only one the Court will now address. If the Court did not make it clear previously, it will make clear now why the

---

[1] Plaintiff only seeks certification under Rule 23(b)(3). (*See* Doc. 36 at 23–26).

Court was not initially persuaded that Plaintiff had met 23(a)(1)'s numerosity requirement. The Court's prior Order observed the small class size, which the Court understands is not a strict numerical requirement, but it was also concerned with Plaintiff's lack of analysis of other subfactors to support the Court's finding of numerosity. *See Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 330 (1980) (emphasizing that the numerosity requirement has no absolute limitations, but instead turns on looking at the specific facts of the case). The subfactors for numerosity that the Court would have been swayed by, and now is, are: (a) geographic diversity of the class members; (b) their ability to institute separate suits; and (c) the nature of the underlying action and the relief sought. *Jordan v. Los Angeles Cty.*, 669 F.2d 1311, 1319 (9th Cir. 1982), *vacated on other grounds*, *Cty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982), *modified*, 726 F.2d 1366 (9th Cir. 1984) (listing out the subfactors to be analyzed within numerosity).

In his renewed Motion Plaintiff states that geographic diversity is satisfied because the members of the class are spread across thirteen cities and five counties in Arizona. (Doc. 40 at 6). One class member even resides in Washington state. (*Id.*) The Court finds that this is adequate to show geographic diversity. 1 William B. Rubenstein, Newberg on Class Actions § 3:12 (5th ed. 2014) ("geographic dispersion of class members cuts in favor of certification as joinder of all members of a dispersed class is likely less practicable than joinder of all members of a similarly sized class residing in one neighborhood or working in one workplace"). Class members are also unlikely or unable to initiate separate suits because most would not be aware of their right to do so. *Datta v. Asset Recovery Sols., LLC*, 2016 WL 1070666, at *8 (N.D. Cal. Mar. 18, 2016) (attributing the unlikelihood of filing separate lawsuits to a finding that certification is appropriate). And while the nature of the underlying relief sought is for compensatory damages, the Court will err on the side of granting preliminary approval, considering that Plaintiff has supplemented his Motion with more persuasive authority. (Doc. 41) (citing to recent caselaw in which a class size as small as 25 was certified). Considering the above, the Court finds that Plaintiff has now satisfied the numerosity requirement to meet preliminary certification of the class.

Now that Plaintiff has met the four prerequisite requirements of 23(a)(1)–(4), the Court will focus on what it found deficient in the Plaintiff's previous Motion under 23(b)(3). Rule 23(b)(3) requires two separate inquires. The following being the two: "[1] the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Rule 23(b)(3). Earlier, the Court took no issue with the predominance part of Plaintiff's Motion but found that Plaintiff failed to show the Court that a class action was the superior way to resolve the underlying cause of action. (Doc. 39 at 17). At that time, the Court found that the large individual recovery a plaintiff would receive should they pursue the litigation as a standalone without a class, although neutral, ultimately disfavored certification. (*Id.*) The Court also found that the lack of individual litigation by members of the class, while certainly favoring certification, was not an argument fully advanced by Plaintiff. (Doc. 39 at 20–21). Again, the Court's finding that superiority was not established, was based on Plaintiff's cursory assertions to the contrary. Now that Plaintiff has supplemented his Motion, the Court is convinced that superiority has been properly plead at this time.

First, individual class members have not shown the desire to control their own litigation, as stated by Plaintiff in his renewed Motion. Because class members are likely to be unaware of their claims, it is also unlikely that they would pursue said claims. *Datta*, WL 1070666, at *8. Having said that, there is also nothing in the record that shows that individual class members have tried to pursue their claims. Then, in the previous Motion that the Court denied, there was also the issue of whether the individual claims were too small to warrant individual action. The Court found Plaintiff's singular assertion on this matter lacking: "many of their claims are too small to individual litigation possible." (Doc. 39 at 18). Without more, the Court could not find that the class warranted preliminary certification. Now, however, Plaintiff has clarified that twelve of the class members have potential damages recoveries under $75,000, with nine below $40,000, and with one class member only receiving $2,300 potentially. (*Id.* at 11). Plaintiff admits that some of these

recoveries are large given the class size, but that if individual litigation were pursued, these recoveries would be engulfed by the costs of the litigation. (*Id.*) Lastly, a class action is appropriate in this forum because the Court has already made preliminary rulings in this matter, the forum is geographically convenient for the parties, and other class actions related to the same issues are already before the Court. (Doc. 40 at 14). Having found that Plaintiff has satisfied superiority, the Court will move on to analyzing the fairness of the settlement agreement.

### B. Preliminary Approval of the Settlement

To determine whether settlement approval can go forward at this stage, the Court needs to analyze if the settlement proposal is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e); *see also* David F. Herr, *Ann. Manual Complex Lit.* § 21.632 (4th ed. 2023). Although several factors are used to assess if the underlying settlement should be approved, at the preliminary stage, the Court only looks at a limited number. These include: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiency; (3) does not improperly grant preferential treatment to the class representatives or segments of the class; and (4) falls within the range of possible approval. *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363 (D. Ariz. 2009). Because "[s]ettlement is the offspring of compromise; the question . . . is not whether the final product could be [better], but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

Here, the proposed settlement class includes:

> All persons insured under an insurance policy issued by Defendant in Arizona that covered more than one vehicle for uninsured or underinsured motor vehicle insurance, and who received the limit of liability for the uninsured or underinsured benefits for only one unit of (or one vehicle's) UM or UIM coverage during the Class Period, as reflected in the agreed-upon list attached as Exhibit A to the Settlement Agreement.

(*See* Doc. 36-1 at ¶ 22, Ex. A, Settlement Agreement). The settlement agreement also releases Defendant Amica Mutual Insurance Company of the breach of contract claim and implied covenant of good faith and fair dealing claim in exchange for a common fund of

$2,875,000. (*Id.* at ¶¶ 34–36). According to class counsel, the settlement is fair, reasonable, and adequate because there is a "strong relationship between the unpaid loss and the available insurance funds." (Doc. 36 at 14). Additionally, the projected value of the insurance benefits owed to the class is $1,773,697.67. (*Id.* at 13). At this preliminary stage, the Court finds that the settlement should be approved. *See Vasquez v. Coast Valley Roofing, Inc.,* 670 F.Supp.2d 1114, 1125 (E.D.Cal.2009) ("To evaluate the range of possible approval criterion, which focuses on substantive fairness and adequacy, courts primarily consider plaintiff's expected recovery balanced against the value of the settlement offer."). [2]

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class. (Doc. 40) is **granted.**

**IT IS FURTHER ORDERED** as follows:

1.    The Court preliminarily approves the Parties' Settlement Agreement, and the Settlement set forth therein as fair, adequate and reasonable, and in the best interest of the putative class members, subject to further consideration at a final fairness hearing (the "Final Fairness Hearing").

2.    The Court certifies the following Class for purposes of settlement (the "Settlement Class"): All persons insured under an insurance policy issued by Defendant in Arizona that covered more than one vehicle for uninsured or underinsured motor vehicle insurance, and who received the limit of liability for the uninsured or underinsured benefits for only one unit of (or one vehicle's) UM or UIM coverage during the Class Period, as reflected in the agreed-upon list attached as Exhibit A to the Settlement Agreement.

3.    The Court designates Chase Whitehead as Class Representative for the Settlement Class.

4.    The Court appoints Robert Carey of Hagens Berman Sobol Shapiro LLP as

---

[2] Final approval of the settlement, on the other hand, requires a more extensive analysis by the Court. *See Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (highlighting requirements of final approval).

1  Class Counsel for the Settlement Class.

2    5. The Final Fairness Hearing shall be held before this Court on **June 17, 2026 at 3:00 p.m.** (a date no sooner than 90 days following completion of the notice being issued under 28 U.S.C. § 1711 *et seq*.), before District Judge Diane J. Humetewa in Courtroom 605, Sadra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003, to determine whether to approve certification of the class for settlement purposes; whether the proposed settlement of the Lawsuit on the terms and conditions provided from in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a final judgment should be entered heroin; whether the proposed plan of distribution should be approved; to determine the amount of fees and expenses that should be awarded to Class Counsel; and to determine the amount of the service award that should be provided to the Class Representative. The Court may adjourn the Final Fairness Hearing without further notice to the members of the Settlement Class.

  6. The Court approves the proposed Notice, Exhibit C, to the original Motion for Preliminary Approval (Doc. 36). The Court further finds that the proposed plan of notice and the proposed content of the notice, meet the requirements of Rule 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

  7. The Court appoints the firm of Epiq Class Action & Claims Solutions, Inc., as the Settlement Administrator. Plaintiff and his designees, including the Settlement Administrator, are authorized to expend funds from the escrow accounts to pay taxes, tax expenses, notice, and administration costs as set forth in the Settlement Agreement. The Court appoints the Settlement Administrator to supervise and administer the notice procedure, as more fully set forth below.

  8. Beginning no later than 30 days following the Settlement Administrator's receipt of final and approved Settlement Class member contact data (the "Notice Date"), the Settlement Administrator shall begin issuing direct notice by first class U.S. mail to all

Settlement Class members for whom there is a valid mailing address, whose mailing addresses can be identified with reasonable effort, or alternatively by email, if mailing addresses are not available, substantially in the form attached as Exhibit 3 to the Motion for Preliminary Approval.

9. All members of the Settlement Class shall be bound by all determinations and judgments in the Lawsuit concerning the settlement, whether favorable or unfavorable to the Settlement Class.

10. Class Counsel shall file their motion for attorneys' fees, costs, and service award for Class Representative, and all supporting documentation and papers, by 30 days before the deadline for exclusions and objections. In filing their motion, Class Counsel need not comply with the procedures set forth in LRCiv 54.2(e) and (j).

11. Any person who desires to request exclusion from the Settlement Class shall do so within 60 days of the Notice Date. To be excluded from the settlement, the exclusion request must be received by the Settlement Administrator no later than 60 days after the Notice Date. All persons who submit valid and timely requests for exclusion shall have no rights under the Settlement Agreement, shall not share in the distribution of the settlement funds, and shall not be bound by the final judgment relating to the Defendants entered in the litigation.

12. Any member of the Settlement Class who has not requested to be excluded may enter an appearance in the litigation, at his or her own expense, individually or through counsel of his or her own choice. If the member does not enter an appearance, he or she will be represented by Class Counsel.

13. Any member of the Settlement Class who has not requested to be excluded may appear, object, and show cause, if he or she has any reason, why the proposed settlement should or should not be approved as fair, reasonable, and adequate; why a judgment should or should not be entered thereon; why the plan of distribution should or should not be approved; why attorneys' fees and expenses should or should not be awarded to Class Counsel; or why the service award should or should not be awarded to Class

Representatives. All such written objections and supporting papers must be mailed or filed with the Court within 60 days of the Notice Date, with a copy to the Class Counsel, and include:

    (a) The full name, address, telephone number, and email address of (1) the person objecting (the "Objector") and (2) any counsel for an objector;

    (b) The name and number of the case: *Chase Whitehead v. Amica Mutual Insurance Company, et al.,* Case No. CV-22-01978-PHX-DJH;

    (c) Whether the objection applies only the Objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and

    (d) The specific grounds for each objection the Objector is asserting, including a description of the legal authorities and factual basis that support the objection.

14. All papers in support of the settlement and responses by Class Counsel regarding objections and exclusions shall be filed by **May 26, 2026.**

15. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid for as set forth in the Settlement Agreement.

16. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

17. All members of the Settlement Class who have not requested to be excluded are temporarily barred and enjoined from instituting or continuing the prosecution of any action asserting the claims released in the proposed settlement, until the Court enters final judgment with respect to the fairness, reasonableness, and adequacy of the settlement.

/ / /

/ / /

/ / /

/ / /

/ / /

18. Except for proceedings in furtherance of the Settlement Agreement, this Action is stayed pending further order of the Court.

Dated this 17th day of February, 2026.

_____
Honorable Diane J. Humetewa
United States District Judge