**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Chase Whitehead,

Plaintiff,

v.

Amica Mutual Insurance Company,

Defendant.

No. CV-22-01978-PHX-DJH

**JUDGMENT AND ORDER**

Before the Court is Plaintiff Chase Whitehead's ("Plaintiff") Amended Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (Doc. 48, *as amended by* Doc. 52) ("Final Approval Motion"). On August 6, 2026, the Court held a final fairness hearing ("Final Hearing") to determine whether settlement in this class action suit is proper. (Doc. 51). The Court expressed concern that the Parties' settlement did not indicate how unclaimed funds would be distributed. (*Id.*) The Court preliminarily approved the class action settlement and ordered the Parties promptly file an amended motion. (*Id.*) On August 11, 2026, Plaintiff filed the amended Final Approval Motion. (Doc. 52, *amending* Doc. 48). Defendant Amica Mutual Insurance Company ("Defendant") did not file a response. For the reasons set forth below, the Court grants Plaintiff's Final Approval Motion and enters Judgment accordingly.

**I. Background**

Plaintiff brought this class action against Defendant concerning the stacking of insurance coverages of multiple vehicles within the same policy. (*see* Doc. 1-3 at ¶¶ 3–6)

Plaintiff alleged that he was injured in an automotive collision that resulted in over $160,000 in damage, and the non-party at fault was uninsured. (*Id.* at ¶¶ 8–10). Plaintiff was an insured under his father's policy that covered two vehicles and provided, in relevant part, uninsured motorist coverage of $100,000 per person and an aggregate limit of $300,000 per collision. (*Id.* at ¶¶ 12–18). Plaintiff submitted a claim to Defendant seeking full coverage on both vehicles; Defendant paid the policy limit for only one of the vehicles. (*Id.* at ¶¶ 20–25). Plaintiff alleged that the policy provisions did not limit stacking coverages of multiple vehicles in the same policy, and regardless Defendant failed to comply with disclosure requirements of A.R.S. § 20-259.01(H). (*Id.* at ¶¶ 26–40).

In or around October 2022, Plaintiff sought class certification in Maricopa County Superior Court on behalf of himself and those individuals with stacked uninsured motorist ("UM") or underinsured motorist ("UIM") policies with Defendant alleging claims of breach of insurance contract and bad faith under A.R.S. § 20-259.01. (*See id.* at ¶¶ 71–72). After removing this case to federal court (Doc. 1), Defendant moved to stay the proceedings pending the decision from the Arizona Supreme Court on two certified questions relating to stacking UM and UIM coverage of multiple vehicles within a single insurance policy and disclosure requirements under A.R.S. § 20-259.01 contending these related to Plaintiff's claims. (Doc. 7 at 6, 24). The Court granted Defendant's motion. (Doc. 20).

In July 2023, the Arizona Supreme Court in *Franklin v. CSAA General Insurance Co.*, 532 P.3d 1145, 1151 (Ariz. 2023), held that under A.R.S. § 20-259.01, a single policy insuring multiple vehicles provides different coverages for each vehicle. More specifically, that court held:

> (1) § 20-259.01's text, history, and purpose provide that an insured covered by a multi-vehicle policy has necessarily "purchased" multiple UIM coverages for each vehicle under subsection (H); thus, rather than employing singular definitions of "coverage" in their policies, insurers must comply with the statute's requirements in order to prevent insureds from intra-policy stacking; and (2) § 20-259.01(B) does not limit UIM coverage.

*Id.* at 1153. This settled the issue in many class actions, including this case. Thereafter, on August 2, 2023, the Court lifted the stay in this case. (Doc. 23).

**A. Preliminary Approval of Class Action Settlement and Certification of Class**

Plaintiff and Defendant engaged in pre-certification discovery and settlement negotiations. (Doc. 36 at 11–12). The Parties participated in an all-day mediation to negotiate the claims related to UM/UIM coverage for policies sold in Arizona by Defendant. (*Id.* at 12). On January 29, 2024, the Parties informed the Court of a settlement resolving all claims in this case on a class wide basis. (Doc. 32). The Parties entered into a Settlement Agreement on July 15, 2024. (Docs. 36 at 13; 36-1 at 16). Plaintiff then filed an Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class (Doc. 36). Plaintiff provided the Parties' Settlement Agreement and proposed notice protocol to the Court. (Docs. 36-1; 36-3).

The Court summarized the relevant portions of the Settlement Agreement in its earlier Order and incorporates that description here. (Doc. 39 at 2–3). The Court first denied Plaintiff's motion without prejudice for failing to satisfy Federal Rule of Civil Procedure ("Rule") 23(a)(1)'s numerosity and Rule 23(b)(3)'s superiority requirements. (Doc. 39 at 6–12, 15–21). Plaintiff then filed an Unopposed Supplemental Motion addressing these deficiencies (Doc. 40). Finding Plaintiff's supplemental motion satisfied Rules 23(a)(1) and (b)(3), the Court granted preliminary approval of the Settlement Agreement and preliminarily certified the Settlement Class. (Doc. 42 at 6). The Court incorporates all relevant portions of those Orders here.

**B. The Final Hearing**

In advance of the Final Hearing, Plaintiff filed his Motion for Final Approval and Motion for Attorneys' Fees, Expenses, and Service Award (Docs. 48; 50).[1] In his Final Approval Motion, Plaintiff argued that Rule 23(e)'s notice requirements have been

[1] A separate order shall be entered on Plaintiff's Motion for an Award of Attorneys' Fees, Costs, and Service Award (Doc. 50). The order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

satisfied, the deadline for Class Members to request to be excluded or object passed, and no requests to be excluded or objections were received by Class Counsel. (Doc. 48 at ¶ A). Defendant did not file a response.

The Final Hearing was held on August 6, 2026, to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members as required by Rule 23(e)(2). (Doc. 51). No objections nor requests to be excluded from the Settlement Agreement by any Class Member were filed with the Court, and no Class Member appeared at the Final Hearing.

At the Final Hearing, the Court expressed concern that the Parties' settlement did not indicate how unclaimed funds, if any, would be distributed. (Doc. 51). The Court preliminarily approved the class action settlement and ordered the Parties file an amended motion. (*Id.*) On August 11, 2026, Plaintiff filed an amendment to the Final Approval Motion. (Doc. 52, *amending* Doc. 48).

## II. Legal Standard

While the Ninth Circuit has declared a strong judicial policy for settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), this does not relieve the moving party of its burden of showing they have satisfied each of Rule 23's requirements, *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979), nor the court of its duty pursuant to Rule 23(e). Accordingly, class actions settlements require the court's approval. Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval.").

This means that approval of a class action settlement moves forward in two stages: preliminary approval, and once notice is given to class members, final approval. *Cf. Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, the court conducts a preliminary fairness evaluation to determine if the settlement notice of the class action should issue to class members and, if applicable, whether the proposed settlement class should be certified. *See* David F. Herr,

Ann. Manual Complex Lit. § 21.632 (4th ed. 2023). At the final approval stage, the primary inquiry is whether the proposed settlement is fundamentally "fair, adequate, and reasonable." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The court's "only role in reviewing the substance of that settlement is to ensure that it is fair, adequate, and free from collusion." *Lane*, 696 F.3d at 819. Several factors are instructive in making this determination:

> 1) the strength of the plaintiffs' case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class action status throughout the trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceedings; 6) the experience and views of counsel; 7) the presence of a governmental participant; and 8) the reaction of the class members to the proposed settlement.

*Id.* "The relative degree of importance to be attached to any particular factor will depend upon … the unique facts and circumstances presented by each individual case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prod. Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018) (internal quotations and citation omitted).

Additionally, Rule 23(e)(2) requires the court "to consider 'the terms of any proposed award of attorney's fees' and scrutinize the settlement for evidence of collusion or conflicts of interest before approving the settlement as fair." *Kim v. Allison*, 8 F.4th 1170, 1179 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)). When the settlement takes place before formal class certification, the resulting settlement agreement "must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (recognizing that the must pay "undiluted, even heightened, attention" to class certification and fairness requirements in a settlement approval context). The so-called *Bluetooth* factors—also referred to as "subtle signs" of collusion—include: (i) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are

amply rewarded"; (ii) the existence of a "clear sailing" arrangement, which provides "for the payment of attorneys' fees separate and apart from class funds," or a provision under which defendant agrees not to object to the attorneys' fees sought; and (iii) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth*, 654 F.3d at 947 (internal quotations and citations omitted).

The court must show that it comprehensively explored the relevant factors and that the settlement is not the product of collusion amongst the settling parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000), *as amended* (June 19, 2000).

## III. Discussion

### A. Final Certification of Settlement Class

When considering a motion for final approval of a class action settlement, the court must perform the threshold task of certifying the class under Rule 23(a) and (b). *Amchem*, 521 U.S. at 621 (holding that satisfying Rule 23(e) "function[s] as an additional requirement" to Rule 23(a) and (b)'s requirements that a "class" designation is appropriate).

The Court conducted an examination of Rules 23(a) and (b)(3)'s requirements in its prior Orders concerning the propriety of class certification for settlement purposes and, after supplemental briefing from Plaintiff, found certification to be warranted (Docs. 39 at 3–20; 42 at 2–5). Because no additional substantive issues concerning class certification have been raised since the Court preliminarily certified the class on February 18, 2026, this Order incorporates by reference its analyses as set forth in its prior Orders. (Docs. 39; 42). Accordingly, the Court finds that certification of the class only for settlement pursuant to Rules 23(a) and (b)(3) is appropriate in this case.

### B. Final Approval of Class Action Settlement

To approve a settlement of a class action, the court must: (i) ensure notice is sent to all class members; (ii) hold a hearing and make a finding that the settlement is fair, reasonable, and adequate; (iii) confirm that the parties seeking approval file a statement identifying the settlement agreement; and (iv) be shown that class members were given an

opportunity to object. *See* Fed. R. Civ. P. 23(e)(1)–(5). The Settlement Agreement in this action was previously filed on the court's docket (Doc. 36-1).

Upon review of Plaintiff's Motion, the Settlement Agreement, and all other relevant material submitted in connection with the Final Hearing,

**IT IS ORDERED**:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and Defendant.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement. (Settlement Agreement, Doc. 36-1 at 3, Ex. A). The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is fair, reasonable, and adequate to the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure.

3. The following "Settlement Class" was previously certified pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons insured under an insurance policy issued by Defendant in Arizona that covered more than one vehicle for uninsured or underinsured motor vehicle insurance, and who received the limit of liability for the uninsured or underinsured benefits for only one unit of (or one vehicle's) UM or UIM coverage during the Class Period, as reflected in the agreed-upon list attached as Exhibit A to the Settlement Agreement.

4. The "Class period" means October 18, 2016, through July 14, 2024.

5. Under Federal Rule of Civil Procedure 23(g), the Court previously appointed Hagens Berman Sobol Shapiro, LLP as Class Counsel, and the named Plaintiff, Chase Whitehead, as the Class Representative on behalf of the Settlement Class. (Doc. 42 at 6–7).

6. Plaintiff's notice of the Class Settlement to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Class of all matters relating to the Class Settlement,

and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

7. As of July 8, 2026, the deadline to request exclusion for twenty-two Class Members, no Class Member had requested exclusion from the Settlement Class.

8. No objections were filed regarding the Class Settlement.

9. The Court finds that Plaintiff's proposed Plan of Distribution, proposing to pay Settlement Class Members as set forth in Plaintiff's Preliminary Approval Motion (Doc. 36 at 9–11), and Plaintiff's Final Approval Motion (Doc. 48, *as amended* by Doc. 52) is fair, reasonable, and adequate. *Noll v. eBay, Inc.*, 309 F.R.D. 593, 601, 607 (N.D. Cal. 2015). The Plan of Distribution does not unfairly favor any Class Member or group of Class Members to the detriment of others.

10. The Court orders Plaintiff, through his Settlement Administrator, to make all disbursements to the Class as follows:

- no later than thirty (30) days after determining which Class Members do not have Medicare, the Settlement Administrator shall make a final disbursement to the Class Members who do not have Medicare;
- no later than thirty (30) days after determining which Class Members have Medicare liens, the Settlement Administrator shall make a final disbursement to the Class Members who do not have a Medicare lien;
- no later than thirty (30) days after the resolution of all Medicare liens, the Settlement Administrator shall make a final disbursement to the remaining Class Members;
- after the final distribution to the Class Members is complete and after all administrative costs have been paid (the "First Distribution"), if more than $50,000 is left in the Settlement Fund, a "Second Distribution" shall be made to the Class Members who accepted their payments from the First Distribution; and
- if less than $50,000 is left in the Settlement Fund after the First Distribution, or if there are any remaining funds after the Second

Distribution, the remaining amount in the Settlement Fund shall be distributed to cy pres recipient, United Policyholders, with the funds to be used solely for programs, education, advocacy, assistance, amicus curiae participation, or other activities for the benefit of property and casualty insurance policyholders in the State of Arizona.

11. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over:

a. implementation of this settlement and any distribution to members of the Class pursuant to further orders of this Court;

b. disposition of the Settlement Fund;

c. the Action until Final Judgment contemplated hereby has become effective, and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;

d. hearing and ruling on any matters relating to the plan of distribution of settlement proceeds; and

e. all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by or executed in connection with the Settlement Agreement.

12. The Court finds, under Rules 54(a) of the Federal Rules of Civil Procedure, that Final Judgment of Dismissal with prejudice as to the Defendant ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as Final Judgment, in accordance with the Settlement Agreement.

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (Doc. 48, *as amended by* Doc. 52) is **GRANTED** and Judgment is entered.

/ / /

**IT IS FINALLY ORDERED** that the Clerk of Court is kindly directed to terminate this matter.

Dated this 21st day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge